Thomas M. Christ, OSB No. 834064
tchrist@cosgravelaw.com
Paul A. C. Berg, OSB No. 062738
pberg@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
888 S.W. 5th Ave, Suite 500
Portland, Oregon 97204
Telephone:   (503) 323-9000
Facsimile:   (503) 323-9019

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PORTLAND GENERAL ELECTRIC COMPANY, an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation,<br><br>Defendant. | Case No. 3:15-cv-00217 HZ<br><br>**Defendant's Reply Memorandum in Support of Cross-Motion for Summary Judgment** |

PGE's response to Liberty Mutual's cross-motion is a combination of denial and obfuscation. We'll start with the denials.

**PGE is Not an "Insured"**

PGE begins its response by asserting that Liberty Mutual "fails to address" whether PGE is an "insured" under Liberty Mutual's policy with NAES and whether Belgarde's complaint against PGE alleges Belgarde's injuries were caused by the fault of NAES rather than PGE. *See*

**Page 1** - Defendant's Reply Memo. in Support of Cross-Motion for Summary Judgment

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

2307409

Doc. 13, p. 1. The court will see that, in fact, Liberty Mutual's motion addresses both issues at considerable length.

The first part of the motion explains that PGE is an "insured" under the additional-insured endorsement to NAES's policy only if NAES agreed to procure insurance for PGE, *see* Doc. 11, pp. 4-5; that NAES's agreement to procure insurance for PGE is void under ORS 30.140, because it requires insurance for injury caused by the fault of PGE in whole or in part; and, therefore, that PGE is not an "insured" under the endorsement, *see id.* at 7-8. The motion goes on to explain that, even if ORS 30.140 does not invalidate the agreement to procure *in toto*, it invalidates the agreement *to the extent that* it requires NAES to procure insurance for injury caused by PGE, even in part, and, therefore, that PGE is an "insured" *only to the extent that* it is liable for injury *not* caused by PGE, even in part. *See id.* at 9-10.

The second part of the Liberty Mutual's motion explains how Belgarde's suit against PGE alleges that his injury was caused, at least in part, by PGE's (not NAES's) negligence and by PGE's (not NAES's) violation of the Employer's Liability Law. The motion also explains that Belgarde's suit alleges that PGE (not NAES) "controlled, directed and monitored" Belgarde's work, and that PGE (not NAES) "owned," "maintained," and "supplied" the defective "air cannon" that caused the accident. *See id.* at 10-12.

PGE is in denial if it thinks that Liberty Mutual's motion didn't address whether PGE is an "insured" or whether Belgarde alleges fault by NAES. Let's turn, then, to the obfuscations.

**The Indemnity Provision is Irrelevant**

PGE complains that Liberty Mutual's motion focuses on the insurance provision in the PGE-NAES contract and ignores the contract's indemnity provision. *See* Doc. 13, pp. 1-2.

**Page 2** - **Defendant's Reply Memo. in Support of Cross-Motion for Summary Judgment**

2307409

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

According to PGE, the indemnity provision is valid under ORS 30.140, even if the insurance provision is not.

There is, however, a good reason for ignoring the indemnity provision: it's not relevant to this case in which PGE is seeking *insurance* coverage from Liberty Mutual, not indemnity from NAES. Whether PGE is an insured under the endorsement to Liberty Mutual's policy depends on whether NAES has lawfully agreed to *insure* PGE, not whether NAES has lawfully agreed to *indemnify* it. The endorsement amends the "who-is-an-insured" section of the policy "to include as an insured any person or organization for whom you [*i.e.*, NAES] have agreed in writing to provide liability insurance." Ex. 3 (Doc. 8, p. 26). It doesn't matter, then, whether the indemnity provision in NAES's contract with PGE complies with ORS 30.140 – which, by the way, it doesn't.[1] What matters in this insurance coverage case is whether the insurance provision complies with that statute, and it doesn't, for reasons set forth in the cross-motion.

**No Coverage By Estoppel**

More obfuscation: PGE argues that Liberty Mutual is estopped to deny that PGE is insured for the Belgarde lawsuit because of representations to the contrary that were made, PGE

---

[1] As explained in the cross-motion, ORS 30.140 invalidates any provision in a construction contract that requires one party to indemnify another party against liability for personal injury or property damage caused by the negligence of other party "in whole or in part." *See* Doc. 11, p. 5-6. The indemnity provision in the NAES-PGE contract requires NAES to indemnify PGE against any claim "resulting from, arising out of, or in any way connected with any act, omission, fault or negligence of" NAES. Ex. 13. That language encompasses claims resulting from the negligence of NAES in part *and* the negligence of PGE in part. The last sentence of the provision confirms that interpretation: "INDEMNITY OBLIGATION * * * SHALL NOT EXTEND TO ANY LIABILITY CAUSED BY THE *SOLE* NEGLIGENCE OF" PGE. *Id.* (emphasis added.) To the extent the provision requires indemnity for injuries caused in part by PGE and in part by NAES, it is unlawful.

Page 3 - Defendant's Reply Memo. in Support of Cross-Motion for Summary Judgment

2307409

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

says, in a certificate of insurance by Liberty Mutual's agent, and that PGE relied upon to its detriment. *See* Doc. 13, pp. 4-6. This argument is wrong on the law and wrong on the facts.

First, the law. Oregon does not recognize coverage by estoppel. In this state, unlike some others, "estoppel cannot be invoked to expand insurance coverage or the scope of an insurance contract." *ABCD…Vision v. Fireman's Fund Ins. Cos.*, 304 Or. 301, 306, 744 P.2d 998 (1987). It can't be used to negate an exclusion, *id*. at 307, or to eliminate a condition of coverage. *Farmers Ins. Co. of Oregon v. Munson*, 127 Or. App. 413, 418, 873 P.2d 370, *rev. den.*, 320 Or. 109 (1994). Under Oregon law, a policy says what it says, and covers what it covers, and nothing the insurer's agent says or does can change that fact, just as nothing the insured says or does can change it. The insured can't rely on the agent's representations to broaden the coverage, just as the insurer can't rely on the insured's representations to narrow it. In sum, coverage by estoppel is not a viable legal theory in Oregon. There are many cases so holding, besides those cited above. They include *DeJonge v. Mutual of Enumclaw*, 315 Or. 237, 843 P.2d 914 (1992), *Wyoming Sawmills v. Transportation Ins. Co.*, 282 Or. 401, 410, 578 P.2d 1253 (1978), *Day-Towne v. Progressive Halcyon Insurance*, 214 Or. App. 372, 164 P.3d 1205 (2007), *Richardson v. Guardian Life Insurance Company of America*, 161 Or. App. 615, 984 P.2d 917, *rev. den.*, 329 Or. 553 (1999), *Holman Erection Co., Inc. v. Employers Ins. of Wausau*, 142 Or. App. 224, 226 n 3, 920 P.2d 1125 (1996), *Allstate Ins. Co. v. Stone*, 122 Or. App. 202, 205, 857 P.2d 196 (1993), *rev'd on other grounds*, 319 Or. 275, 876 P.2d 313 (1994), and, most recently, *Deardorff v. Farnsworth*, 268 Or. App. 844, 849, 343 P.3d 687 (2015).

Now for the facts. First, it's not true that the certificate of insurance, Ex. 2 (Doc. 8, p. 24), was issued by Liberty Mutual's agent. The certificate itself indicates that it was "produced" by "Marsh USA, Inc.," whoever that is. But there is no reason to believe that Marsh USA, Inc.

**Page 4** - Defendant's Reply Memo. in Support of Cross-Motion for Summary Judgment

2307409

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

was Liberty Mutual's agent. Citing ORS 744.078, PGE says that, "[u]nder Oregon law, as the 'producer[,]' Marsh is Liberty Mutual's agent." Doc. 13, p. 6. What that statute actually says is almost the opposite of that. It says that "an insurance producer shall *not* act as an agent of an insurer unless," among other things, the producer is actually appointed by the insurer to be its agent. ORS 744.078(1) (emphasis added). Thus, under the statute, just being a producer of a policy doesn't make one an agent of the insurer of the policy produced. *See*, *e.g.*, *5 Star, Inc. v. Atl. Cas. Ins. Co.*, 269 Or. App. 51, 344 P.3d 467 (2015) (so holding).

Second, the certificate does not represent that PGE is an "insured" for all lawsuits, or for any lawsuit in particular, including Belgarde's. The certificate says that PGE is a "certificate holder" and an additional insured to the extent "required by contract and allowed by law." As explained in the cross-motion and elsewhere in this memorandum, the contract doesn't require coverage for Belgarde's claim, and the law, in particular, ORS 30.140, doesn't allow it.

Third, PGE did not rely to its detriment upon the representations in the certificate. At least, there is no evidence that it did. And, even if it *did* rely, it had no *right* to, not in view of the disclaimers in the certificate itself, printed in boldface type and/or capital letters:

> "**THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.**
>
> "* * * *
>
> "* * * THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES."

In *Stallworth v. Sam Yoder Trucking*, 109 Or. App. 280, 284-185, 819 P.2d 316 (1991), the court held that a similar-worded certificate of insurance did not confer any rights on the certificate holder. And in *Baylor v. Continental Casualty Co.*, 190 Or. App. 25, 34, 78 P.3d 108

Page 5 - Defendant's Reply Memo. in Support of Cross-Motion for Summary Judgment

2307409

(2003), the court held that a certificate of insurance which said that it "is not the Policy" and that otherwise referred to "the Policy" did not itself create coverage but "simply embodied notice that defendant had issued a policy providing certain benefits in return for prescribed premiums." So, too, here.

PGE ignores *Stallworth* and *Baylor*, which are cited in the cross-motion, and instead relies on *Hayes Truck Lines, Inc., v. Investors Ins. Corp.*, 269 Or. 565, 525 P.2d 1289 (1974), as support for its estoppel theory of coverage. But that reliance is misplaced. *Hayes* is distinguishable – assuming it is still good law.

*Hayes* was an action to recover the proceeds of a "group credit life insurance" policy issued on the life of the plaintiff's decedent, Hayes, who was indebted to NAC under a lease of some trucks. The main issue was whether there was in fact a policy on his life. The evidence showed that a "master policy" had been issued to NAC, allowing it to issue "certificates" of insurance to debtors on particular transactions. *Hayes*, 269 Or. at 567. There was also evidence that a certificate was issued for the life of Hayes, but no policy was delivered to him. *Id.* at 568. Later, when Hayes died and NAC made a claim against the insurer for payment of the debt, the insurer denied there was any insurance in force. The trial court ruled that the insurer was "estopped to deny coverage and that the policy of insurance was issued to NAC and Hayes." *Id.* at 572-73. The Supreme Court agreed, based on the certificate:

> "The certificate of insurance in defendant's home office and as sent to NAC and, presumably, to Hayes, represented that the defendant had issued insurance to Northwest Acceptance Corporation as creditor and Sidney Hayes as insured debtor. Both NAC and Hayes relied on this representation and thereby failed to seek credit life insurance from another insurer. Defendant cannot justly be permitted to assert, after Hayes' death, that no insurance policy was issued by defendant to NAC and Hayes. * * *"

*Id.* at 573.

**Page 6** - Defendant's Reply Memo. in Support of Cross-Motion for Summary Judgment

2307409

**Cosgrave Vergeer Kester LLP**
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

*Hayes* does not apply here. In that case, as noted, a certificate of insurance was offered to prove that there was insurance covering a loss. Indeed, the trial court in *Hayes* ruled that the certificate was *itself* a sort of insurance policy – that it "had individual contractual efficacy and could be enforced against defendant as written." *Id.* at 571-72. The certificate was not used in that case to negate or vary the terms of a separate policy of insurance, which is how PGE tries to use the certificate of insurance here. Use of the certificate for that purpose – to estop Liberty Mutual from relying on the policy's terms and conditions, and thus expand the coverage beyond those terms and conditions – is forbidden by *DeJonge* and the other cases cited above, all of which post-date *Hayes*. If *Hayes* survives those cases,[2] it does so only for the proposition that an insurer can be estopped to deny that there *is* a policy – not for the proposition, rejected in *DeJonge* and progeny, that an insurer can be estopped to rely on the policy's terms and conditions in determining coverage.

In sum, even if estoppel were a viable legal theory, there is no ground for an estoppel here.

**ORS 30.140 Applies to Defense, Not Just Indemnity**

PGE argues that, because ORS 30.140 refers to "indemnity," it does not apply to an insurer's duty to "defend" and thus does not limit Liberty Mutual's obligation to defend PGE against Belgarde. According to PGE, the statute "would only void NAES's, and by extension Liberty Mutual's, indemnity obligation to PGE." Doc. 13, p. 8.

---

[2] No Oregon case has cited *Hayes* for its estoppel language in the four decades since it was decided.

Page 7 - Defendant's Reply Memo. in Support of Cross-Motion for Summary Judgment

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

2307409

The Oregon Court of Appeals rejected the same argument just four months ago in *Sunset Presbyterian Church v. Andersen Const. Co.*, 268 Or. App. 309, 341 P.3d 192 (2014), *pet. for rev. pending*. In that case, a subcontractor argued that ORS 30.140 limited its duty to defend the general contractor. The general responded that "the text of ORS 30.140 refers only to indemnity, which, in its view, does not include the duty to defend." 268 Or. App. at 317. The Court of Appeals disagreed. Reviewing the language of the statute and its legislative history, the court said: "[W]e reject the contention that the legislature intended to protect subcontractors from agreements requiring them to indemnify general contractors against damages caused by the general contractors' negligence, but nonetheless intended that general contractors still be permitted to require subcontractors to defend them against claims for such damages." *Id.* at 320.

**NAES's Fault is Immaterial**

Still more obfuscation: PGE asserts that Belgarde's complaint against PGE contains "ample" allegations of fault by NAES. Doc. 13, p. 9. Actually, it contains *no* allegations that NAES was at fault. It alleges, instead, that PGE was solely to blame – that PGE was in control of Belgarde's work while on PGE's premises and that PGE owned and maintained the defective air cannon and supplied it to Belgarde. *See* Doc. 11, pp. 10-11.

PGE says the reason that Belgarde didn't allege that NAES's caused his injury is because NAES is his employer and thus immune from liability under the workers' compensation law. But that's just speculation on PGE's part. In any event, it only explains why Belgarde didn't

Page 8 - Defendant's Reply Memo. in Support of Cross-Motion for Summary Judgment

2307409

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

name NAES as an additional defendant. Even without joining NAES as a party to the case, Belgarde could have alleged that NAES was partly to blame, if that were the case.[3]

In any event, this speculation serves no purpose, for at least two reasons. First, as explained in the cross-motion, an insurer's duty to defend depends entirely on the allegations of the complaint. *See* Doc. 11, pp. 11-12. It doesn't matter what "facts" might be proved outside of that pleading. "Extrinsic evidence" is not allowed for duty-to-defend purposes. *See id.* at 11 (citing *Ledford v. Gutoski*, 319 Or. 397, 399, 877 P.2d 80 (1994)); *see also* Doc. 11 at 14-15 (citing *Richardson v. Howard S. Wright Const. Co.*, CV-05-1419-ST, 2007 WL 1467411 (D. Or. May 18, 2007), *Clarendon Nat. Ins. Co. v. Am. States Ins. Co.*, 688 F. Supp. 2d 1186 (D. Or. 2010), and *Arch Ins. Group, Inc. v. Travelers Prop. Cas. Co.*, 03:10-CV-801-HZ, 2011 WL 6778757 (D. Ore. Dec. 23, 2011).

The second reason why it's pointless to speculate whether Belgarde *could have alleged* that *NAES* was negligent is that he *did allege* that *PGE* was negligent. As explained earlier, ORS 30.140 applies to agreements to indemnify or insure against liability caused by the negligence of the indemnitee (in this case, PGE) in whole *or in part*. The statute would apply, then, even if Belgarde's injury was caused by NAES's negligence *in addition to* PGE's.

**Indemnity Is Premature**

Liberty Mutual's duty to indemnify is found in the policy's insuring agreement, which provides in part that Liberty Mutual 'will pay those sums that the insured becomes legally

---

[3] The complaint does, in fact, mention NAES, identifying it as Belgarde's employer. But, contrary to PGE's suggestion, that doesn't mean that his injury was necessarily caused by NAES's. Not every on-the-job injury is the employer's fault. The whole workers' compensation system – a no-fault system – is built on that premise.

**Page 9** - Defendant's Reply Memo. in Support of Cross-Motion for Summary Judgment

2307409

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

obligated to pay as damages" for a covered bodily injury. Ex. 5 (Doc. 8, p. 32). At present, of course, PGE is not liable to pay any damages in the underlying lawsuit. And it might not ever become liable to pay them. It might win that case, which it hasn't yet conceded. For that reason, the duty-to-indemnify claim is premature, or un-"ripe." *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 662 (9th Cir. 2002) (generally, a matter is not ripe "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (quotations omitted). It calls for the court to issue what would be, for all practical purposes, an advisory opinion – an opinion that Liberty Mutual will (or will not) owe a duty to indemnify PGE, if something happens in the future, which it might not. PGE concedes as much. It says: "*If*, and when, PGE pays Mr. Belgarde in connection with the underlying action, PGE will seek indemnity from Liberty Mutual." Doc. 13, p. 15 (emphasis added). That's a big if, given that PGE has denied liability in the underlying lawsuit and is mounting a vigorous defense.

Contrary to PGE's assertion, Liberty Mutual is not contending that if the claim were ripe, which it isn't, this court would otherwise lack jurisdiction to decide the indemnity claim. That claim satisfies the case-and-controversy requirement of the federal constitution, *see*, *e.g.*, *American States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994), and PGE and Liberty Mutual are citizens of different states for purposes of 28 U.S.C. § 1332. So jurisdiction seems in order. But even so, the fact that the court *has* jurisdiction doesn't mean that it must, or even should, exercise it. Relief under the Declaratory Judgment Act is "permissive," not "mandatory." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222-23 (9th Cir. 1998); *see also Public Affairs Associates v. Rickover*, 369 U.S. 111, 112, 82 S.Ct. 580, 581-82 (1962) (the Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so."). And, in deciding whether to entertain a request for such relief,

**Page 10** - Defendant's Reply Memo. in Support of Cross-Motion for Summary Judgment

2307409

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

the court should take care to: (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions in an attempt to forum shop; and (3) avoid duplicative litigation. *Dizol*, 133 F.3d at 1225 (citing *Continental Cas. Co. v. Robsac Industries*, 947 F.2d 1367, 1371-73 (9th Cir. 1991)).

All three factors come into play here. In the first place, the indemnity issue turns, in part, on the meaning and effect of a state law, ORS 30.140, which the Oregon Supreme Court is reviewing in a pending case, *Montara Owners Assn. v. La Noue Development, LLC*, 259 Or. App. 657, 317 P.3d 257 (2013), *rev. allowed*, 355 Or. 567 (2014), as explained in Liberty Mutual's cross-motion. *See* Doc. 11, pp. 9-10. Second, it would encourage forum-shopping if this court were to rule on the duty-to-indemnify issue now, before an adverse judgment in the underlying case, because there is no question that PGE could not obtain such a ruling now if it had filed this action in state court. As explained in the cross-motion, Oregon courts don't allow pre-judgment determinations of an insurer's indemnity obligations. *See* Doc. 11 at p. 16-17 (discussing *Hale v. Fireman's Fund Ins. Co. et al.*, 209 Or. 99, 302 P.2d 1010 (1956)). Third, a ruling now would lead to duplicative litigation. If anything is clear from the briefing so far it's that the duty-to-indemnify issue is wrapped up in questions about whether Belgarde's injury was the result of negligence by PGE, or NAES, or both. Those, of course, are the key questions in the state court action. To that extent this action duplicates the Belgarde lawsuit.

This court has "unique and substantial discretion to decide whether to issue a declaratory judgment," *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137 (1995), but is "under no compulsion to exercise that jurisdiction." *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494, 62 S.Ct. 1173 (1942). In this case, for reasons identified above, the court should decline, on prudential grounds, to entertain PGE's duty-to-indemnify claim at this time. The court should,

**Page 11** - Defendant's Reply Memo. in Support of Cross-Motion for Summary Judgment

2307409

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

instead, summarily dismiss that claim without prejudice to re-filing it if and when PGE is held liable to Belgarde in the underlying lawsuit. Alternatively, the court should stay proceedings on that claim until that lawsuit concludes.

**Questions of Fact on Indemnity**

If the court does not dismiss or stay the duty-to-indemnify issue, it should still deny PGE's motion for summary judgment, because there is a material question of fact – namely, whether PGE was at fault, even in part, in causing Belgarde's injury. PGE argues that there is no question about that – that it was completely blameless. In support of that argument, PGE relies – incredibly – on *Belgarde's* deposition testimony in the underlying case, the case in which *he* alleges just the opposite: that PGE was entirely to blame.[4] PGE suggests that Belgarde's testimony refutes all of his allegations against PGE, but the court will find, on review, that it does no such thing.[5]

In any event, PGE would not be entitled to summary judgment on the indemnity claim even if Belgarde's said in his deposition the opposite of what he said in his pleading. In that event, the inconsistency between the two exhibits to the motions – between Belgarde's testimony (Doc. 13-1) and his complaint, Ex. 6 (Doc. 8, p. 34) – would create a question of fact and thus preclude summary adjudication of the claim.

---

[4] PGE submitted excerpts from the deposition as Ex. 10 to its motion, and resubmitted them as an exhibit to Belgarde's declaration (Doc. 13-1), filed with PGE's response to Liberty Mutual's motion.

[5] For instance, PGE asserts that Belgarde admitted that "PGE did not control, direct and monitor his work," and "did not supply him with the air cannon," as alleged in his complaint. In fact, no such admissions appear in the deposition excerpts. At most, the deposition excerpts suggest that others may also have exerted some control or direction over plaintiff's work.

**Page 12** - Defendant's Reply Memo. in Support of Cross-Motion for Summary Judgment

2307409

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

**Proposed Rulings**

The court should conclude that PGE is not an insured under the additional-insured endorsement to Liberty Mutual's policy with NAES, because NAES's agreement to insure PGE – the trigger of coverage under the endorsement – is void under ORS 30.140. Accordingly, the court should hold that Liberty Mutual owes no duty to defend or indemnify PGE in Belgarde's lawsuit. On that basis, the court should grant Liberty Mutual's motion for summary judgment and deny PGE's.

Alternatively, the court should conclude that PGE is insured only against claims for injury caused by the fault of NAES and not also the fault, even in part, of PGE, because NAES's agreement to insure PGE is valid under ORS 30.140 to that extent only. Accordingly, the court should hold that Liberty Mutual owes no duty to defend PGE in Belgarde's lawsuit, because his complaint, on its face, alleges that PGE was negligent, at least in part, if not in whole, in causing his injury, and does not allege negligence by NAES. On that basis, the court should grant Liberty Mutual's motion for summary judgment, and deny PGE's motion, on the duty-to-defend claim.

As for the duty-to-indemnify claim, the court should conclude that that claim is premature, even if PGE is insured under NAES's policy against Belgarde's claims, because there is, as yet, no judgment for Belgarde and against PGE and thus nothing to indemnify, and because there might not ever be a judgment and something to indemnify. At the very least, the court should postpone proceedings on the duty-to-indemnify issue until the conclusion of Belgarde's lawsuit, or until Liberty Mutual has had time to conduct discovery on the factual issues presented by that claim, including whether PGE was at fault, at least in part, in causing Belgarde's injury, as he alleges. For those reasons, the court should grant Liberty Mutual's motion for summary

**Page 13** - Defendant's Reply Memo. in Support of Cross-Motion for Summary Judgment

2307409

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

judgment on the duty-to-indemnify claim and deny PGE's motion, or stay both motions. But, in all events, the court should deny PGE's motion, because of a question of fact regarding PGE's fault.

DATED: May 1, 2015.

Respectfully submitted,

COSGRAVE VERGEER KESTER LLP

*/s/ Thomas M. Christ*
Thomas M. Christ
Paul A. C. Berg

**Page 14** - Defendant's Reply Memo. in Support of Cross-Motion for Summary Judgment

2307409

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

# CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **Defendant Liberty Mutual Insurance Company's Reply Memorandum in Support of Cross-Motion for Summary Judgment** on the date indicated below by:

- ☐ mail with postage prepaid, deposited in the US mail at Portland, Oregon,
- ☐ hand delivery,
- ☐ facsimile transmission,
- ☐ overnight delivery,
- ☒ electronic filing notification.

I further certify that said copy was delivered as indicated above and addressed to said attorney at the address listed below:

Daniel K. Reising
Fucile & Reising LLP
800 NW Sixth Avenue, Suite 211
Portland, OR 97209

    Attorneys for Plaintiff

    DATED: May 1, 2015

                                      */s/ Thomas M. Christ*
                                      Thomas M. Christ